## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

TYREE TYQUAN MOY,

                        Plaintiff,                          CIVIL ACTION NO. 4:22-CV-00348

        v.

ERIC WILLIAMS, et al.,                                      (MEHALCHICK, M.J.)

                        Defendants.

## <u>MEMORANDUM</u>

Presently before the Court is a second amended complaint filed by *pro se* prisoner-Plaintiff Tyree Tyquan Moy ("Moy") on February 28, 2023, against Defendants Eric Williams, Brandy Koch, Officer Jacob Summers, Marco Randazzo, and Salvatore Randazzo (collectively, "Defendants"). (Doc. 17, at 1). In the second amended complaint, Moy alleges claims under the Fourth, Fifth, Eighth, and Fourteenth Amendments of the United States Constitution and Title II of the Americans with Disabilities Act. ("ADA"). (Doc. 17, at 2-3). As relief, Moy seeks monetary and punitive damages. (Doc. 17, at 3). At all times relevant to this action, Moy was incarcerated at the Lycoming County Prison located in Williamsport, Pennsylvania. (Doc. 1, at 2; Doc. 13, at 6; Doc. 17).

Having conducted its statutorily-mandated screening of the complaint in accordance with 28 U.S.C. § 1915A and 28 U.S.C. § 1915(e)(2), the Court finds that Moy's second amended complaint fails to state a claim upon which relief may be granted, but grants Moy one final opportunity to amend his claims. (Doc. 17).

### I.   BACKGROUND AND PROCEDURAL HISTORY

Moy, proceeding *pro se*, initiated the instant action by filing a complaint on March 9, 2022. (Doc. 1). On March 21, 2022, Moy filed a motion for leave to proceed *in forma pauperis* and his Prison Trust Fund Account Statement, which the Court granted on August 29, 2022. (Doc. 6; Doc. 7; Doc. 10). On August 29, 2022, the Court determined that Moy's original complaint failed to state a claim upon which relief could be granted and granted him leave to file an amended complaint. (Doc. 11; Doc. 12). Moy filed an amended complaint on September 28, 2022. (Doc. 13). On January 27, 2023, the Court determined that Moy's second amended complaint failed to state a claim upon which relief could be granted and granted him leave to file a second amended complaint. (Doc. 16).

Moy filed his second amended complaint on February 29, 2023. (Doc. 17). In his second amended complaint, Moy recounts similar facts as set forth in the original complaint and first amended complaint. (Doc. 1; Doc. 13; Doc. 17). Moy alleges that Defendants Marco and Salvatori Randazzo changed the locks of a property and did not provide Moy with a new key, violating a contract signed by Moy and depriving him of medication that was inside of his home. (Doc. 17, at 2-3). Moy also claims Defendant Summers conducted a warrantless search of Moy's person when he was in his home. (Doc. 17, at 3). Moy avers that Defendant Koch initiated the series of events by erroneously claiming that he had assaulted her. (Doc. 17, at 3). As a result of these events, Moy brings claims under the Fourth, Fifth, Eighth, and Fourteenth Amendments. (Doc. 17, at 2-3). Moy also makes vague allegations of perjury and violations of Title II of the Americans with Disabilities Act. ("ADA"). (Doc. 17, at 2-3). For relief, Moy seeks monetary and punitive damages. (Doc. 17, at 3).

## II.   DISCUSSION

### A.  LEGAL STANDARD

Under 28 U.S.C. § 1915A, the Court is obligated, prior to service of process, to screen a civil amended complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a); *James v. Pa. Dep't of Corr.*, 230 Fed. App'x 195, 197 (3d Cir. 2007) (not precedential). The Court must dismiss the amended complaint if it fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1); *Mitchell v. Dodrill,* 696 F. Supp. 2d 454, 471 (M.D. Pa. 2010). The Court has a similar obligation with respect to actions brought *in forma pauperis. See* 28 U.S.C. § 1915(e)(2). In this case, because Moy is a prisoner suing a governmental employee and brings his suit *in forma pauperis*, both provisions apply. In performing this mandatory screening function, a district court applies the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *Mitchell*, 696 F. Supp. 2d at 471; *Banks v. Cty. of Allegheny*, 568 F. Supp. 2d 579, 588 (W.D. Pa. 2008).

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions which are not entitled to the assumption of truth, and finally determine whether the complaint's factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the amended complaint, as well as "documents incorporated into the complaint by reference, and matters

of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights*, Ltd., 551 U.S. 308, 322 (2007).

After recognizing the required elements which make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions' . . . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (quoting *In re Burlington Coat Factory Securities Litigation*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need the court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. California State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (quoting *Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the amended complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien &*

*Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the United States*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

Additionally, Federal Rule of Civil Procedure 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Thus, a well-pleaded complaint must recite factual allegations sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action. There is no requirement that the pleading be specific or probable. *Schuchardt*, 839 F.3d at 347 (*citing Phillips v. County of Allegheny*, 515 F.3d at 224, 233-234 (3d Cir. 2008). Rule 8(a) requires a "showing that 'the pleader is entitled to relief, in order to give the defendant fair notice of what the ... claim is and the grounds upon which it rests.' " *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (quoting Fed. R. Civ. P. 8(a)(2)); *see also Phillips*, 515 F.3d at 233 (citing *Twombly*, 550 U.S. at 545).

With the aforementioned standards in mind, a document filed *pro se* is "to be liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). A *pro se* complaint, "however inartfully pleaded," must be held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Haines v. Kerner*, 404 U.S. 519, 520–21 (1972). Further, the Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit

a curative amendment, unless an amendment would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

B. THE SECOND AMENDED COMPLAINT FAILS TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED.

Moy's second amended complaint fails to state a claim under Rule 8(a) of the Federal Rules of Civil Procedure. A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Each allegation must be simple, concise, and direct." Fed. R. Civ. P. 8(d)(1); *Scibelli v. Lebanon Cty.,* 219 F. App'x 221, 222 (3d Cir. 2007). Dismissal under Rule 8 is proper when a complaint "le[aves] the defendants having to guess what of the many things discussed constituted [a cause of action]." *Binsack v. Lackawanna County Prison,* 438 F. App'x 158, 160 (3d Cir. 2011).

While the undersigned must construe the second amended complaint liberally due to Moy's status as a *pro se* litigant, the second amended complaint fails to meet the pleading requirements of Rule 8. In most of his assertions, Moy claims multiple violations of the Fourth Amendment and his due process rights. (Doc. 17, at 2-3). For example, Moy states "Officer Summers and other un[]armed defendant in their official capacities illegal search and seized Tyree Moy (ADA) in his home without a warrant or probable cause removing cash and cell phones out or off his person on March 19th, 2021." (Doc. 17, at 3). Although Moy attempts to assert constitutional violations, in many instances the second amended complaint itself contains too little information to understand what he alleges. Moy provides a multitude of claims taking place over the course of different events and does not explain how the events are relate in a linear fashion. Specifically, Moy describes a contractual dispute with his landlord, an illegal search and seizure, his alleged false arrest for burglary, and that his landlords changed the locks without giving him a key in breach of contract. (Doc. 17, at 1-3).

Due to the lack of specific facts to support his claims, it is unclear how the allegations in Moy's second amended complaint are connected.

To the extent that Moy wishes to assert violations of his Fifth Amendment or Fourteenth Amendment due process rights, these claims similarly fail. To state a § 1983 claim, a plaintiff must demonstrate that the defendants, acting under color of state law, deprived the plaintiff of a right secured by the Constitution or laws of the United States. *Kach v. Hose*, 589 F.3d 626, 646 (3d Cir.2009). To show that a defendant acted under color of state law, the plaintiff must establish that the defendant is a "state actor" under the Fourteenth Amendment. *Benn v. Universal Health Systems, Inc.,* 371 F.3d 165, 169 n.1 (3d Cir. 2004). Further, "the due process clause under the Fifth Amendment only protects against federal governmental action." *Caldwell v. Beard*, 324 F. App'x 186, 189 (3d Cir. 2009) (citing *Riley v. Camp*, 130 F.3d 958, 972 n.19 (11th Cir. 1997)); *Thomas v. Penn Waste, Inc.*, No. 1:13-CV-2290, 2013 WL 5522840, at *7 (M.D. Pa. Oct. 3, 2013) ("Insofar as Plaintiff states that Defendant is taking his property in violation of his Fifth Amendment due process rights, he has no Fifth Amendment claim since there is no alleged involvement by a federal actor."); *Hammond v. City of Wilkes-Barre*, No. 3:09-CV-2310, 2012 WL 3542277, at *4 (M.D. Pa. Aug. 14, 2012) (dismissing Fifth Amendment due process claim against state actors, as "it only applies to federal actors."). Here, Defendants Marco and Salvatore Randazzo and Koch are alleged to be Moy's landlords and roommate, not state or Federal actors. (Doc. 17, at 1). Since there is nothing in the second amended complaint to indicate that either Defendant is a state or Federal actor with respect to Moy's allegations, Moy's Fifth and Fourteenth Amendment claims against Defendants under § 1983 fail as a matter of law.

Second, Moy has failed to state a claim for false arrest or false imprisonment against Defendants. Moy claims that Defendant Summers and other Defendants conducted an illegal search and seizure of his home and person. (Doc. 17, at 3). "A claim for unlawful detention under the Fourth Amendment requires [a p]laintiff to establish that he was subjected to a Fourth Amendment seizure without probable cause." *Kauffman v. Barbagello,* No. 1:13–CV–00659, 2013 WL 6388487, at *18 (M.D. Pa. Dec. 5, 2013) (citing *James v. City of Wilkes—Barre,* 700 F.3d 675, 682 (3d Cir.2012)). An officer has probable cause if, "at the moment the arrest was made . . . the facts and circumstances within [the officer's] knowledge and of which [he] had reasonably trustworthy information were sufficient to warrant a prudent man in believing that [the suspect] had committed or was committing an offense." *Beck v. Ohio,* 379 U.S. 89, 91 (1964). Here, it appears Moy brings his Fourth Amendment claim against the proper Defendant, Officer Summers. (Doc. 17, at 3). However, a review of Moy's second amended complaint reveals that Moy has not adduced facts sufficient to state a Fourth Amendment claim, as he has alleged a warrantless search occurred, but has not provided any facts to support the conclusion that an unlawful search of either the home or Moy's person occurred without probable cause. (Doc. 17, at 1-3). Accordingly, Moy's Fourth Amendment claims must be dismissed for failure to state a claim.

Similarly, Moy's claim under the ADA fails. (Doc. 17, at 2-3). "Title II of the ADA prohibits discrimination against the disabled in public services, programs, and activities." *Disability Rights N.J., Inc. v. Comm'r, N.J. Dep't of Human Servs.*, 796 F.3d 293, 301 (3d Cir. 2015). To state a claim under Title II of the ADA, Moy must plead facts allowing us to plausibly infer: "(1) he is a qualified individual; (2) with a disability; (3) who was excluded from participation in or denied the benefits of the services, programs, or activities of a public

entity, or was subjected to discrimination by any such entity; (4) by reason of his disability." *Geness v. Admin. Office of Pennsylvania Courts*, 974 F.3d 263, 274-75 (3d Cir. 2020). Moy's allegations fall well short of what is required to state a claim upon which relief may be granted. Indeed, Moy's second amended complaint simply recites that he falls under the ADA, without describing any discriminatory conduct that targeted him because of his disability. (Doc. 17, at 1-2). Thus, the pleading simply does not allege a civil rights violation that is causally related to some disability experienced by Moy. *Barzyk v. Marsico*, No. 1:14-CV-2017, 2015 WL 136622, at *5 (M.D. Pa. Jan. 8, 2015) (dismissing *pro se* plaintiff's ADA claim for failing to allege how she met the definition of disabled and failed to describe any discriminatory conduct that targeted her because of her disability).

Overall, the amended complaint does not provide any meaningful opportunity for the Defendants to decipher or answer the allegations levied against them. *See Twombly*, 550 U.S. at 555. The allegations presented in the complaint are not "simple, concise, and direct" to provide the Defendants with knowledge as to what they are being charged. *See* Fed. R. Civ. P. 8(d)(1). In some instances, Moy appears to challenge the conduct surrounding an alleged breach of contract whereas in others he appears to assert a violation of fundamental rights and due process. (Doc. 17, at 1-5). Because Moy provides too little information and improperly combines allegations, it is difficult to discern the basis of the claims he is stating and against whom the claims are directed. Moy must adhere to Rule 8 by providing in his complaint concise allegations of specific conduct that he believes violated his constitutional rights. *See Scibelli*, 219 F. App'x. at 222 (dismissing a complaint because, among other reasons, it did not "qualif[y] as a short and plain statement of a federal claim").

C.  LEAVE TO AMEND

The Court recognizes that *pro se* plaintiffs often should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, unless granting further leave to amend would be futile or result in undue delay. *Alston v. Parker*, 363 F.3d 229, 235-36 (3d Cir. 2004); *see Fletcher–Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 253 (3d Cir. 2007). As the second amended complaint in its current form does not clearly set forth any claims against Defendants, dismissal is warranted. However, so as to preserve Moy's rights as a *pro se* litigant, the Court will allow them to file a **single, final, unified, legible** third amended complaint setting forth his factual allegations and legal claims in a manner that can be reviewed by the Court and, if necessary, answered by Defendants.

Moy is advised that the third amended complaint must be a pleading that **stands by itself without reference to the original or amended complaints.** *Young v. Keohane*, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (emphasis added). The third amended complaint must also establish the existence of specific actions taken by Defendants which have resulted in identifiable constitutional violations, to the extent Moy intends to bring a civil rights action under 42 U.S.C. § 1983. Further, Moy is cautioned that he must comply with Rule 8 of the Federal Rules of Civil Procedure and establish at least a modicum of factual specificity regarding the claims he intends to assert and the factual grounds upon which they rest. The third amended complaint should also be limited to those claims that arise out of the same transaction or occurrence or series of transactions or occurrences as averred in the original complaint. **Failure to file a third amended complaint in accordance with the aforementioned requirements will result in the dismissal of this action in its entirety.**

### III.   CONCLUSION

Based on the foregoing reasons, Moy's second amended complaint is **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). (Doc. 17). Moy is **GRANTED** leave to file a single, final, third amended complaint within 28 days from today's date, or on or before **Monday, November 27, 2023.**

An appropriate Order follows.

**Dated: October 30, 2023**          *s/ Karoline Mehalchick*
                                     **KAROLINE MEHALCHICK**
                                     **Chief United States Magistrate Judge**